UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE GODOY | CIVIL ACTION |
| VERSUS | NO. 18-11734 |
| BP EXPLORATION AND PRODUCTION INC. ET AL. | SECTION "J" (2) |

## TRANSFER ORDER AND REASONS ON MOTION

The BELO portion of the Medical Benefits Class Action Settlement Agreement in <u>In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010</u>, MDL No. 2179, Record Doc. No. 6427-1 at pp. 60–73, and this court's Case Management Orders, Record Doc. No. 14099 in MDL No. 2179 and Record Doc. No. 3 in the captioned case, provide for determination by this court, with the input of the parties, of the appropriate venue for discovery and dispositive proceedings. Defendants have filed a Motion to Transfer Venue to the United States District Court for the Southern District of Florida. Record Doc. No. 5. Plaintiff, Jose Godoy, has filed a competing Motion to Transfer Venue to the United States District Court for the Southern District of Texas. Record Doc. No. 6.

Having considered the record, the applicable law and the written submissions of counsel for the parties, **IT IS ORDERED** that defendants' motion is **DENIED**, plaintiff's motion is **GRANTED**, and the instant matter is **TRANSFERRED** to the United States District Court for the Southern District of Texas for the following reasons.

Paragraph III(2) of this court's BELO Cases Initial Proceedings Case Management

Order provides that "the factors set forth in 28 U.S.C. § 1404(a) and applicable case law" govern determination of the appropriate venue for discovery and dispositive proceedings. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applicable case law establishes that factors relevant to the court's venue determination include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). Other relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

Considering these factors and the disclosure information provided by plaintiff, Record Doc. No. 5-2, while the venue dispute in this instance presents a close question, I find that the most appropriate venue for further proceedings in this BELO lawsuit is the Southern District of Texas. On one hand, the complaint alleges that when plaintiff was

2

exposed to oil and chemical dispersants between July 2010 and January 2011, he resided in the Pensacola, Florida area, located in the Northern District of Florida. Record Doc. No. 1 at p. 2; 28 U.S.C. § 89. Plaintiff's disclosures state that he was diagnosed with his alleged condition of chronic conjunctivitis and received outpatient and other medical treatment at facilities in Miami and Hialeah, Florida, all of which are located in the Southern District of Florida. Record Doc. No. 5-2; 28 U.S.C. § 89.

On the other hand, plaintiff currently lives in Conroe, Texas, located in the Southern District of Texas and has lived there for about four years since 2015. Record Doc. No. 1 at p. 1; 28 U.S.C. § 124. Plaintiff's disclosures state that he has received medical treatment at a facility in Conroe, Texas. Record Doc. No. 5-2 at p. 7. Fact witnesses, other than plaintiff himself, who have been identified as persons who know about plaintiff's alleged injury are plaintiff's mother and brother, both of whom reside in the Southern District of Texas. Record Doc. No. 6-1 at p. 2. Plaintiff's current employer is located in the Southern District of Texas, which is relevant to plaintiff's claims for lost income and loss of earning capacity. Id.

I find that accommodating the convenience of the key fact witnesses, plaintiff and his family members, is the most significant factor in determining that venue should be in the Southern District of Texas and serves the interests of justice. Personal appearance of plaintiff and these witnesses at trial is vital to the presentation of this case. Plaintiff's residence in the Southern District of Texas and the convenience of the parties and

3

witnesses outweigh the convenience of the Florida medical experts who may be witnesses and whose testimony at trial could effectively be presented by video deposition. Although a substantial portion of plaintiff's relevant medical records may be located in the Southern District of Florida, these documents will be easily produced to all parties regardless of the placement of this case in Florida or Texas. For the foregoing reasons, I find that venue is both proper and most appropriate in the Southern District of Texas. The convenience of the parties and witnesses and the interests of justice warrant transfer of this case to the Texas district. A magistrate judge is authorized to transfer a case of this sort to another district. <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1999). Accordingly,

    **IT IS ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Southern District of Texas.

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**